This Court's opinion was delivered hy Judge Roane, as follows.
The Court
is of opinion that, altho’ the original proposition for the sale of the land in question, was one of a sale by the acre, at the rate of §15 for each acre contained in the two tracts proposed to be sold, the contract assumed a different character as to the larger tract, by the agreement of the parties to refer to the patent as fixing the quantity therein contained. By this agreement, the right to survey that tract was renounced by the appellee; and, as to it, it became a contract of hazard, by which he might have gained. That agreement is express to pay for that tract, as much money as would result from multiplying the number of acres mentioned in the patent hy the price per acre originally proposed to be given; and is not different from one in which the sum had been actually extended, and in terms promised to he paid. It was entirely competent to the appellee to waive another survey, and abide by the one already made; and it is a risque hy which it is proved he expected to gain. On the part of the appellant, his conduct was entirely fair. He represented nothing but what he believed to be true, and which he had good grounds for so believing; and he fairly exhibited to the appellee his survey and patent, as the grounds and foundation of his belief, as to the number of acres contained in the larger tract. With a full knowledge of all the circumstances* and as much knowledge, as to the quantity, as the appellant himself is shewn fo have had, the appellee entered into the contract; and *191 his own construction thereof is evinced to have corresponded vt .th cur’s, by his agreeing’, in iiie deed, accepted more than ten months thereafter, to pay the gross sum resulting as aforesaid.
On these grounds the Decree is to be reversed, with Bests, and the Mlludismissed.